UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CIVIL ACTION NO. 1:09CV-00064

**MICHAEL A. THOMPSON**                                                                              **PLAINTIFF**

**V.**

**ABC MORTGAGE COMPANY, INC.,
ABC MORTGAGE COMPANY OF
NORTHWEST FLORIDA, INC.,
FREMONT INVESTMENT & LOAN
COMPANY, LARRY CHANDLER,
CHARLES W. SHELTON,
DOROTHY SHELTON, APRIL ROCHELLE
McMAHON, BLUEGRASS TITLE
COMPANY, TICOR INSURANCE SERVICES, INC.,
JACK YEISER, JAY YEISER and ABC MORTGAGE
COMPANY OF ALABAMA, LLC.**                                                                          **DEFENDANTS**

## OPINION AND ORDER

This matter is once again before the Court upon motions by the Plaintiff, Michael A. Thompson, for remand [DN 4], sanctions [DN 10] and to strike the notice of removal. [DN 7]. Also before the Court is a Motion to Sever filed by Defendants ABC Mortgage Company of Northwest Florida, Inc., ABC Mortgage Company of Alabama, LLC, and Jack Yeiser [DN 5]. Fully briefed, these matters are ripe for decision. For the following reasons, the Plaintiff's motions for remand and sanctions are **GRANTED** and Defendants' motion to sever is **DENIED**. The Plaintiff's motion to strike the notice of removal is **moot.**

On December 19, 2006, the Plaintiff, Michael A. Thompson ("Thompson") filed a civil complaint in the Logan County (Kentucky) Circuit Court. The complaint identifies ABC Mortgage Company, Inc., ABC Mortgage Company of Northwest Florida, Inc., Fremont Investment and Loan Company, Larry Chandler, and Mr. and Mrs. Charles Shelton as defendants. Plaintiff Thompson and

Defendants Larry Chandler and Charles Shelton are citizens and residents of Kentucky.

On May 21, 2007, the ABC defendants filed a notice of removal to federal court. [DN 1]. In this notice, the Defendants asserted that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. The ABC defendants did not dispute that co-defendants Larry Chandler and Charles Shelton were citizens and residents of Kentucky, rather they argued that even though these co-defendants were citizens of Kentucky, diversity jurisdiction exists because these non-diverse defendants have "no interest in pursuing this action" and because the "main parties to this action are all non-residents of the Commonwealth of Kentucky." (See Case No. 1:07Cv00094, DN 11, Defendants' Response, ¶¶ 10-11). On August 6, 2007, the Court remanded the case to state court upon finding no support for the ABC defendants' argument in favor of diversity jurisdiction.

The case has been litigated in state court since remand. Apparently, a judgment has been obtained against some of the defendants and the state court has allowed an amended complaint to be filed which seeks to impose liability for the judgment on newly named non-resident defendants. These newly named non-resident defendants have removed the case on the basis of diversity jurisdiction.

The parties make various arguments regarding the appropriateness of removal but 28 U.S.C. §1446(b) controls. This statute provides that if a case is not initially removable, it cannot be removed on the basis of diversity jurisdiction more than one year after its commencement. This limitation is not altered by later filings, such as amended complaints. See Caudill ex rel. Caudill v. James River Coal Service Co., 2007 WL 185005 (E.D. Ky. 2007). The amended complaint filed in this case is part of case that commenced on December 19, 2006. The case was not initially removable. Thus, it cannot be removed now even though the only relief sought by the amended

2

complaint is against non-resident defendants.

The Court has no jurisdiction to grant the Defendants' motion to sever. As for sanctions, Plaintiff cites to FRCP 11. However, the Court will consider the motion for sanctions under 28 U.S.C. §1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c) (2006). As the Supreme Court explained recently in Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005),

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005) (internal citations omitted). Here, the Defendants had no objectively reasonable basis for seeking removal. The statute clearly prohibited it. Thus, the Court finds that an award of costs and attorneys fees under § 1447(c) is warranted under the circumstances presented. Counsel for Plaintiff shall itemize his time and expense and submit his claim for costs within ten days of the date of entry of this order.

cc: Counsel of Record
    Logan Circuit Court Clerk